UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CINDI GARDNER AND ANNE RIDEOUT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiffs*,<br><br>v.<br><br>FALLON HEALTH & LIFE ASSURANCE COMPANY, INC. AND FALLON COMMUNITY HEALTH PLAN, INC.<br><br>*Defendants.* | Civil Action No. |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Cindi Gardner and Anne Rideout ("Plaintiffs") file this Class and Collective Action Complaint ("Complaint") against Fallon Health & Life Assurance Company, Inc. ("Fallon HLAC") and Fallon Community Health Plan, Inc. ("Fallon CHP") (collectively, "Defendants"), and in support state the following:

**Nature of This Lawsuit**

1. Defendants are Massachusetts-based health insurance providers that operate under the name "Fallon Health."

2. In providing healthcare coverage to members, Defendants review requests for services and make coverage determinations based on medical necessity.

3. Defendants employed Plaintiffs and other non-management employees whose primary job was to perform utilization reviews ("Utilization Review Employees").

4. Defendants used numerous titles to refer to their Utilization Review Employees, including Utilization Management (UM) Nurse, Nurse Reviewer, Utilization Reviewer, Utilization Review Nurse, and other similar titles.

5.     Defendants paid Utilization Review Employees a salary.

6.     Defendants' Utilization Review Employees regularly worked over 40 hours per week.

7.     Defendants classified Utilization Review Employees as exempt from state and federal overtime laws and did not pay them overtime for all hours worked over 40 in an individual workweek.

8.     The utilization reviews performed by Plaintiffs and other Utilization Review Employees consisted of reviewing health insurance benefit requests submitted by health care providers against predetermined guidelines and criteria for insurance coverage and payment purposes ("Utilization Review Work").

9.     The Utilization Review Work performed by Plaintiffs and other Utilization Review Employees was non-exempt work.

10.    Plaintiffs bring this action on behalf of themselves and other similarly situated Utilization Review Employees, who, due to Defendants' misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual work weeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

11.    Plaintiffs also bring individual and class action claims under Massachusetts state law under the Massachusetts Minimum Fair Wage Law ("MAWL"), Mass. Gen. L. ch. 151, § 1A.

12.    Plaintiffs bring their state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendants' failure to pay them and other Utilization Review Employees for all earned overtime pay.

**The Parties**

13.    Plaintiff Gardner worked for Defendants as a Utilization Review Employee in this Judicial District from April 2012 to December 2017.

14.     Plaintiff Rideout worked for Defendants as a Utilization Review Employee from March 2015 to November 2018.

15.     Defendant Fallon HLAC is a Massachusetts corporation.

16.     Defendant Fallon HLAC's principal place of business is in Worcester, Massachusetts.

17.     Defendant Fallon CHP is a Massachusetts corporation.

18.     Defendant Fallon CHP's principal place of business is in Worcester, Massachusetts.

**Jurisdiction and Venue**

19.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' FLSA claims arise under federal law. *See* U.S.C. § 216(b).

20.     This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because they arise out of the same facts as their FLSA claims.

21.     Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

**Factual Allegations**

22.     Defendants have established their policies and procedures related to the utilization review process to comply with National Committee on Quality Assurance's ("NCQA") accreditation standards.

23.     Defendants maintain NCQA accreditation because some states require accreditation from the NCQA or other accreditation to provide managed care services in those states.

24.     As established by NCQA accreditation standards, the standard prerequisite for Utilization Review Work is LPN/LVN-level credentials.

25. Likewise, another leading accreditation organization, the Utilization Review Accreditation Commission ("URAC"), "permits the use of Licensed Practical Nurses" to perform Utilization Review Work.[1]

26. Plaintiff Gardner worked as a Utilization Review Employee for Defendants.

27. Plaintiff Rideout worked as a Utilization Review Employee for Defendants.

28. During her employment with Defendants as a Utilization Review Employee, Plaintiff Gardner primarily performed Utilization Review Work.

29. During her employment with Defendants as a Utilization Review Employee, Plaintiff Rideout primarily performed Utilization Review Work.

30. During her employment with Defendants, Plaintiff Gardner's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

31. During her employment with Defendants, Plaintiff Rideout's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

32. In fact, in performing her Utilization Review Work for Defendants, Plaintiff Gardner had the authority to **approve** health insurance benefit requests that met matched predetermined criteria, but did not have the authority to **deny** health insurance benefit requests from physicians that did not match criteria for approval.

33. Similarly, in performing her Utilization Review Work for Defendants, Plaintiff Rideout had the authority to **approve** health insurance benefit requests that met matched

---

[1] Rego v. Liberty Mut. Managed Care, LLC, 367 F. Supp. 3d 849, 853 (E.D. Wis. 2019).

predetermined criteria, but did not have the authority to **deny** health insurance benefit requests from physicians that did not match criteria for approval.

34. During her employment, Plaintiff Gardner's job duties did not include engaging in bedside nursing or providing medical advice to patients or other individuals with health issues.

35. During her employment, Plaintiff Rideout's job duties did not include engaging in bedside nursing or providing medical advice to patients or other individuals with health issues.

36. During her employment, Plaintiff Gardner's job duties did not involve providing traditional nursing care to patients or other individuals in a clinical setting or providing direct medical care to patients or other individuals with health issues.

37. During her employment, Plaintiff Rideout's job duties did not involve providing traditional nursing care to patients or other individuals in a clinical setting or providing direct medical care to patients or other individuals with health issues.

38. During her employment, Plaintiff Gardner's job duties did not involve making medical decisions in order to select the appropriate medical care for patients or other individuals to treat their medical issues or ailments.

39. During her employment, Plaintiff Rideout's job duties did not involve making medical decisions in order to select the appropriate medical care for patients or other individuals to treat their medical issues or ailments.

40. During her employment, Plaintiff Gardner's job duties did not include administering patients' medicine or treatments, operating or monitoring medical equipment, helping perform diagnostic tests, diagnosing human responses to actual or potential health problems, providing medical opinions on treatment and medication, or determining whether an issue should be referred for an independent medical evaluation.

41. During her employment, Plaintiff Rideout's job duties did not include administering patients' medicine or treatments, operating or monitoring medical equipment, helping perform diagnostic tests, diagnosing human responses to actual or potential health problems, providing medical opinions on treatment and medication, or determining whether an issue should be referred for an independent medical evaluation.

42. Defendants suffered Plaintiff Gardner to work over 40 hours in one or more individual workweeks during the last three (3) years.

43. Defendants suffered Plaintiff Rideout to work over 40 hours in one or more individual workweeks during the last three (3) years.

44. During her employment with Defendants, Plaintiff Gardner worked over 40 hours in one or more individual workweeks during the last three (3) years.

45. During her employment with Defendants, Plaintiff Rideout worked over 40 hours in one or more individual workweeks during the last three (3) years.

46. During her employment with Defendants, Plaintiff Gardner generally worked 9-10 hours per day, 5 days a week.

47. As a result, Plaintiff Gardner worked approximately 45 to 50 hours per workweek.

48. During her employment with Defendants, Plaintiff Rideout generally worked 10-12 hours per day, 5 days a week.

49. As a result, Plaintiff Rideout worked approximately 50 to 60 hours per workweek.

50. Defendants classified Plaintiff Gardner as exempt from the overtime provisions of the FLSA.

51. Defendants classified Plaintiff Rideout as exempt from the overtime provisions of the FLSA.

52. Defendants classified Plaintiff Gardner as exempt from the overtime provisions of the MAWL.

53. Defendants classified Plaintiff Rideout as exempt from the overtime provisions of the MAWL.

54. Defendants paid Plaintiff Gardner a salary.

55. Defendants paid Plaintiff Rideout a salary.

56. When Plaintiff Gardner worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff Gardner overtime at one-and-one-half times her regular rate of pay for all overtime hours worked.

57. When Plaintiff Rideout worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff Rideout overtime at one-and-one-half times her regular rate of pay for all overtime hours worked.

58. Defendant Fallon HLAC is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

59. Defendant Fallon CHP is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

60. Defendant Fallon HLAC is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

61. Defendant Fallon CHP is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

62. Defendant Fallon HLAC has made more than $500,000 in sales made or business done in each of the last three calendar years.

63. Defendant Fallon CHP has made more than $500,000 in sales made or business done in each of the last three calendar years.

64. During her employment, Plaintiff Gardner was an "employee" of Defendant Fallon HLAC as defined by the FLSA in 29 U.S.C. § 203(e).

65. During her employment, Plaintiff Rideout was an "employee" of Defendant Fallon HLAC as defined by the FLSA in 29 U.S.C. § 203(e).

66. During her employment, Plaintiff Gardner was an "employee" of Defendant Fallon CHP as defined by the FLSA in 29 U.S.C. § 203(e).

67. During her employment, Plaintiff Rideout was an "employee" of Defendant Fallon CHP as defined by the FLSA in 29 U.S.C. § 203(e).

68. During her employment, Plaintiff Gardner was an "employee" of Defendant Fallon HLAC as defined under the MAWL § 1A.

69. During her employment, Plaintiff Rideout was an "employee" of Defendant Fallon HLAC as defined under the MAWL § 1A.

70. During her employment, Plaintiff Gardner was an "employee" of Defendant Fallon CHP as defined under the MAWL § 1A.

71. During her employment, Plaintiff Rideout was an "employee" of Defendant Fallon CHP as defined under the MAWL § 1A.

72. During her employment, Defendant Fallon HLAC was Plaintiff Gardner's "employer" as defined under the FLSA in § 203(d).

73. During her employment, Defendant Fallon HLAC was Plaintiff Rideout's "employer" as defined under the FLSA in § 203(d).

74. During her employment, Defendant Fallon CHP was Plaintiff Gardner's "employer" as defined under the FLSA in § 203(d).

75. During her employment, Defendant Fallon CHP was Plaintiff Rideout's "employer" as defined under the FLSA in § 203(d).

76. During her employment, Defendant Fallon HLAC was Plaintiff Gardner's "employer" as defined by in 454 Mass Code Regs. § 27.02.

77. During her employment, Defendant Fallon HLAC was Plaintiff Rideout's "employer" as defined by in 454 Mass Code Regs. § 27.02.

78. During her employment, Defendant Fallon CHP was Plaintiff Gardner's "employer" as defined by in 454 Mass Code Regs. § 27.02.

79. During her employment, Defendant Fallon CHP was Plaintiff Rideout's "employer" as defined by in 454 Mass Code Regs. § 27.02.

**Collective Action Allegations**

80. Plaintiffs bring their FLSA claims as a collective action.

81. Plaintiffs' consent forms to participate in this collective action are attached to this Complaint as Exhibit A and Exhibit B.

82. The collective action is defined as follows:

All Utilization Review Employees employed by Defendants in the last three years who were paid on a salary basis and classified as exempt ("Collective Action Members").

83. Plaintiffs are similarly situated to the potential Collective Action Members because they were paid in the same manner and performed the same primary job duties.

84. In the last three years, Defendants employed individuals who performed the same primary duties as Plaintiffs.

85. Of Defendants' employees who performed the same primary job duties as Plaintiffs in the last three years, Defendants classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

86. Of employees classified as exempt and who performed the same primary duties as Plaintiffs in the last three years, some or all worked over 40 hours in individual workweeks.

87. Defendants maintained one or more common job descriptions for Utilization Review Employees.

88. Defendants have names and addresses for potential Collective Action Members in their payroll or personnel records.

89. Defendants have email addresses for potential Collective Action Members in their payroll or personnel records.

90. Defendants have phone numbers for potential Collective Action Members in their payroll or personnel records.

91. Defendants were aware or should have been aware that the FLSA required them to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

**Class Action Allegations**

92. Plaintiffs seek class certification under Fed. R. 23 of the following state law sub-class:

> All individuals employed by Defendants as Utilization Review Employees in Massachusetts in the last three years who were paid on a salary basis and classified as exempt (the "Class").

93. The Class has more than 40 members.

94. As a result, the Class is so numerous that joinder of all members is not practical.

95. There are questions of law or fact common to the Class, including (1) whether the Class primarily performed non-exempt work; (2) whether Defendants violated the MAWL by refusing to pay the Class overtime pay; and (3) the proper measure of damages if Defendants misclassified the Class as exempt from the overtime provisions of the MAWL.

96. Plaintiffs' overtime claims are typical of those of the Class because they arise out of Defendants' uniform compensation practices.

97. Defendants' defenses to Plaintiffs' MAWL claims are typical of their defenses to those of the Class because they are grounded in the same compensation practices.

98. Plaintiffs can fairly and adequately protect the interests of the Class because they are asserting the same claims as the Class.

99. Plaintiffs can fairly and adequately protect the interests of the Class because they have no interests adverse to the Class.

100. Plaintiffs can fairly and adequately protect the interests of the Class because they have retained counsel experienced in class action employment litigation.

101. The common questions of law and fact predominate over the variations which may exist between members of the Class, if any.

102. Plaintiffs and the members of the Class on the one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

103. If individual actions were required to be brought by each member of the Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to the Defendants.

104. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

105. The books and records of Defendants are material to the Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

### COUNT I
### Violation of the Fair Labor Standards Act
### (Collective Action)

106. Plaintiffs incorporate here the previous allegations of this Complaint.

107. This count arises from Defendants' violations of the FLSA by failing to pay overtime to Plaintiffs and the Collective Action Members when they worked over 40 hours in individual workweeks.

108. Plaintiff Gardner was not exempt from the overtime provisions of the FLSA.

109. Plaintiff Rideout was not exempt from the overtime provisions of the FLSA.

110. Other Collective Action Members were not exempt from the overtime provisions of the FLSA.

111. Defendants suffered Plaintiff Gardner to work over 40 hours in one or more individual workweeks in the last three (3) years.

112. Defendants suffered Plaintiff Rideout to work over 40 hours in one or more individual workweeks in the last three (3) years.

113. Defendants suffered Other Collective Action Members to work over 40 hours in one or more individual workweeks in the last three (3) years.

114. Defendants paid Plaintiff Gardner a salary and did not pay her overtime compensation for all hours worked over 40 in an individual workweek.

115. Defendants paid Plaintiff Rideout a salary and did not pay her overtime compensation for all hours worked over 40 in an individual workweek.

116. Defendants paid other Collective Action Members a salary and did not pay them overtime compensation for all hours worked over 40 in an individual workweek.

117. Defendants violated the FLSA by failing to pay overtime to Plaintiff Gardner at one-and-one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

118. Defendants violated the FLSA by failing to pay overtime to Plaintiff Rideout at one-and-one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

119. Defendants violated the FLSA by failing to pay overtime to other Collective Action Members at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

120. Defendants' failure to pay Plaintiffs and other similarly situated persons one-and-one-half times their regular rates for all time worked over 40 hours in a workweek was willful.

WHEREFORE, Plaintiffs, on behalf of themselves and the Collective Action Members, seek a judgment against Defendants as follows:

A. All unpaid overtime wages due to Plaintiffs and the Collective Action Members;

B. Pre-judgment and post-judgment interest;

C. Liquidated damages equal to the unpaid overtime compensation due;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E. Such other relief as the Court deems appropriate.

## COUNT II
## MAWL – Failure to Pay Overtime
## (Class Action)

121. Plaintiffs incorporate here the previous allegations of this Complaint.

122. This count arises from Defendants' violations of the MAWL by failing to pay overtime to Plaintiffs and the Class when they worked over 40 hours in individual workweeks.

123. Defendants classified Plaintiff Gardner as exempt from the overtime provisions of the MAWL.

124. Defendants classified Plaintiff Rideout as exempt from the overtime provisions of the MAWL.

125. Defendants classified the Class as exempt from the overtime provisions of the MAWL.

126. Plaintiff Gardner was not exempt from the overtime provisions of the MAWL.

127. Plaintiff Rideout was not exempt from the overtime provisions of the MAWL.

128. The Class was not exempt from the overtime provisions of the MAWL.

129. Defendants suffered Plaintiff Gardner to work over 40 hours in individual workweeks.

130. Defendants suffered Plaintiff Rideout to work over 40 hours in individual workweeks.

131. Defendants suffered the Class to work over 40 hours in individual workweeks.

132. Defendants violated the MAWL by failing to pay Plaintiffs and the Class overtime at one-and-one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, seek a judgment against Defendants as follows:

A. All unpaid overtime wages due to Plaintiffs and the Class;

B. Treble damages;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

D. Such other relief as the Court deems appropriate.

**Jury Demand**

Plaintiffs demand a trial by jury.

Dated: November 13, 2019 By their attorneys,

*/s/ Edward F. Haber*
Edward F. Haber (BBO#215620)
Adam M. Stewart (BBO#661090)
Patrick J. Vallely (BBO#663866)
Shapiro Haber & Urmy LLP
Seaport East Two Seaport Lane
Boston, MA 02210
(617) 439-3939
ehaber@shulaw.com
astewart@shulaw.com
pvallely@shulaw.com

DOUGLAS M. WERMAN
MAUREEN A. SALAS
Werman Salas P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
dwerman@flsalaw.com
msalas@flsalaw.com

TRAVIS M. HEDGPETH
Texas Bar No. 24074386
THE HEDGPETH LAW FIRM, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
Facsimile: (281) 572-0728
travis@hedgpethlaw.com

JACK SIEGEL
Texas Bar No. 24070621
Siegel Law Group PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
www.4overtimelawyer.com

**Attorneys for Plaintiffs and Others Similarly Situated**

# EXHIBIT A

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the overtime lawsuit in which this consent is filed.

DocuSigned by:
*Cindi Gardner*
DF050FF5535F42C...

Signature

8/30/2019

Date

Cindi Gardner

Printed Name

# EXHIBIT B

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the overtime lawsuit in which this consent is filed.

*Anne Rideout*
EC2A683ED4F458...

Signature

9/1/2019

Date

Anne Rideout

Printed Name