### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

CINDI GARDNER AND ANNE RIDEOUT,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED,

     *Plaintiffs*,

v.

FALLON HEALTH & LIFE ASSURANCE
COMPANY, INC. AND FALLON
COMMUNITY HEALTH PLAN, INC.,

     *Defendants.*

**Civil Action No.**  4:19-cv-40148-DHH

## PLAINTIFFS' MOTION FOR EQUITABLE TOLLING

### I.    RELIEF REQUESTED

Nearly a year has passed since Plaintiffs first filed to provide notice of this pending action to potential members of the FLSA collective. Because the statute of limitations continues to run on an FLSA claim until an individual files a consent with the Court, almost a full year's worth of FLSA claims are now untimely.

The remedy for FLSA claims threatened by a delay in notice is equitable tolling. Plaintiffs respectfully move for an order tolling the statute of limitations for the members of the putative collective action who may consent to join this action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("potential opt-in plaintiffs") from March 27, 2020 – the date on which Plaintiffs filed their Motion for Step-One Notice (ECF No. 32) – until the date on which notice is issued to potential opt-in plaintiffs.

## II.    BACKGROUND

Plaintiffs Cindi Gardner and Anne Rideout filed their Complaint, ECF No. 1, on November 13, 2019.  Defendants answered on January 6, 2020. (ECF No. 25.)  Plaintiffs filed their Motion for Step-One Notice on March 27, 2020 (ECF No. 32), and the Court held a Motion Hearing on June 24, 2020 (ECF No. 44). The Court allowed for a period of expedited discovery on issues relative to the Step One Notice (ECF No. 45).  On September 24, 2020, Plaintiffs filed a renewed Motion for Step One Notice, under seal. (ECF Nos. 53 and 54.) The renewed Motion was fully briefed on November 19, 2020. (ECF No. 67.) A hearing was held on the renewed Motion on December 2, 2020. (ECF No. 68.)

## III.    ARGUMENT

### a.    The Statute of Limitations Continues to Run for All Potential Opt-In Plaintiffs

The FLSA allows individuals to recover unpaid overtime earned in the past two years, unless the employer acted willfully, which extends the limitations period to three years. 29 U.S.C. § 255(a). In an FLSA collective action, an individual must either appear on the initial complaint, or file a written consent with the court to stop the running of the limitations period on an FLSA claim. 29 U.S.C. § 256(b). This is a unique feature of FLSA collectives.  For class actions filed under Rule 23, the statute of limitations for absent class members is tolled upon the filing of the complaint. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 550 (1974).  But because of the opt-in requirement, in FLSA cases "claims continue to die daily" before employees receive notice. *Hoffman v. Sbarro, Inc*. 982 F. Supp. 249, 260 (S.D.N.Y.) (J. Sotomayor). For each week that passes without notice, potential plaintiffs lose the opportunity to recover for workweeks now falling outside the applicable limitations period.  As one court within this Circuit explained, "FLSA

opt-ins are more exposed to the erosion and possible expiration of their claims than Rule 23 absentees." *Nash v. CVS Caremark Corp.*, 683 F. Supp. 2d 195, 200 (D.R.I. 2010).

The withering away of the value of an employee's FLSA claim can be prevented with "accurate and ***timely notice***" of the pending action, allowing employees to "make informed decisions about whether to participate." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (emphasis added). Once a potential plaintiff receives notice, he or she can file a consent and stop the clock on his or her claim.

Over ten months have passed since Plaintiffs filed their Motion for Notice. Throughout this period, the limitations period has continued to run against potential opt-in plaintiffs' claims. Without ever receiving notice of the suit, opt-in plaintiffs have lost the opportunity to recover unpaid wages for workweeks now falling outside the applicable period. Until these potential opt-in plaintiffs receive notice and file a consent, the limitations period will run, and the value of these potential claims will erode.

### b.  Courts Routinely Grant Equitable Tolling in FLSA Cases

Federal courts should grant equitable tolling "sparingly." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990). The "guiding principle behind the doctrine of equitable tolling is that the law should be used to achieve some approximation of justice." *Niehoff v. Maynard*, 299 F.3d 41, 52 (1st Cir. 2002).  Equitable tolling is not to be used as a "means of rescuing a party who has failed to exercise due diligence." *Guerrero-Santana v. Gonzales*, 499 F.3d 90, 94 (1st Cir. 2007).

Delays in FLSA cases – caused by circumstances out of a plaintiff's control – are one instance where courts have found the doctrine of equitable tolling applies. While the First Circuit has not addressed when equitable tolling may be appropriate in the context of FLSA notice, one

district court in this Circuit has applied the doctrine to FLSA claims. In *McKnight v. Honeywell Safety Prods. USA, Inc.*, C.A. No. 16-132MSM, 2020 WL 1904468, at *2 (D.R.I. Apr. 17, 2020) the court granted the plaintiffs' motion to extend equitable tolling to the claims of the potential members of a collective, recognizing "[c]ourts apply equitable tolling in FLSA cases where extraordinary circumstances beyond plaintiffs' control resulted in the failure to file timely claims . . . [t]his includes the kinds of delays that may be seen as inherent in such litigation." *Id.*; *see also Pineda v. Skinner Servs., Inc.*, No. CV 16-12217-FDS, 2020 WL 5775160, at *11 (D. Mass. Sept. 28, 2020) ("multiple courts have exercised their authority to toll the FLSA limitations periods when delays in litigation or the class certification process would have time-barred plaintiffs' claims.").

Courts outside the First Circuit also order tolling where understandable delays in providing notice risk diminishing collective members' claims. Recently in *Pruess v. Presbyterian Health Plan, Inc.*, No. CV 19-629 KG/JFR, 2020 WL 6544243 (D.N.M. Nov. 6, 2020), a group of care management employees bringing wage and hour claims against a health insurer faced a notice delay of approximately one year. *Id.* at *10.[1]  The Court concluded that the plaintiffs were entitled to toll the statute of limitations from the date of filing through the date notice issued. *Id.*  Among the factors warranting notice were the facts that (1) plaintiffs had diligently filed for notice, (2) a delay of a year constituted an "extraordinary circumstance," and (3) if the two-year limitations period applied to the opt-in plaintiffs' claims, the delay would threaten the viability of *half* of period for which plaintiffs could recover for wage violations. *Id.* at *9. The *Pruess* court concluded, "A contrary holding would posture the viability of a plaintiff's cause of action on the

---

[1] Plaintiffs and the collective in *Pruess* were represented by Counsel for Plaintiffs in this matter.

Court's busy docket schedule. This Court declines to find that the FLSA intended such a result." *Id*.

The circumstances warranting tolling are present here. Plaintiffs promptly filed a Motion for Notice months after filing this lawsuit.  There has been no lack of diligence by Plaintiffs or by any member of the putative collective. An order tolling the running of the statute of limitations is consistent with courts' approach to this issue across jurisdictions.  *See, e.g.*, *Holliday v. JS Express Inc.*, No. 4:12-cv-01732, 2013 WL 2395333, at *8 (E.D. Mo. May 30, 2013) (tolling the statute of limitations for the **four-month** period from the date of the filing of the motion for conditional certification through the commencement of the notice period); *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 440, 445 (S.D.N.Y. 2012) (tolling statute after **five-month** judicial delay); *Yahraes v. Rest. Assoc. Events Corp.*, No. 10–CV–935, 2011 WL 844963, at *3 (E.D.N.Y. Mar. 8, 2011) (noting that "the time required for a court to rule on a motion ... for certification of a collective action in an FLSA case, may be deemed an extraordinary circumstance justifying application of the equitable tolling doctrine" and tolling time for the **55 days** a re-filed certification motion was pending) (citation omitted); *Hernandez v. Caviness Packing Co., Inc.*, No. 2:07-CV-142-J, 2008 WL 11183755, at *2 (N.D. Tex. June 2, 2008) (granting equitable tolling where **nine months** had elapsed between the filing of the motion for conditional certification and the court granting the motion) (all emphasis added).

## IV.    CONCLUSION

For the reasons described above, Plaintiffs move for an order tolling the statute of limitations for the members of the putative collective action from March 27, 2020, until the date on which notice is issued to potential opt-in plaintiffs.

Dated:  February 18, 2021

Respectfully Submitted,

*/s/ Maureen. A. Salas*
Douglas M. Werman (*pro hac vice*)
Maureen A. Salas (*pro hac vice*)
Sarah J. Arendt (*pro hac vice*)
**WERMAN SALAS P.C.**
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008
dwerman@flsalaw.com
msalas@flsalaw.com
sarendt@flsalaw.com
mtresnowski@flsalaw.com

Edward F. Haber (BBO# 215620)
Adam M. Stewart (BBO# 661090)
Patrick J. Vallely (BBO#663866)
**SHAPIRO HABER & URMY LLP**
Seaport East, Two Seaport Lane
Boston, MA 02210
Telephone: (617) 439-3939
Facsimile: (617) 439-0134
ehaber@shulaw.com
astewart@shulaw.com
pvallely@shulaw.com

Travis M. Hedgpeth (*pro hac vice*)
Texas Bar No. 24074386
**THE HEDGPETH LAW FIRM, PC**
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
travis@hedgpethlaw.com

Jack Siegel (*pro hac vice*)
Texas Bar No. 24070621
**SIEGEL LAW GROUP PLLC**
4925 Greenville Avenue, Suite 600
Dallas, Texas 75206
Telephone: (214) 790-4454
Jack@siegellawgroup.biz

*Attorneys for Plaintiffs and Others Similarly Situated*

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), counsel for Plaintiffs conferred with counsel for Defendant before filing this motion in an effort to resolve the issues raised by this motion and those efforts were unsuccessful.

*s/ Maureen A. Salas*
Maureen A. Salas

## CERTIFICATE OF SERVICE

I hereby certify that, on February 18, 2021, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*s/ Maureen A. Salas*
Maureen A. Salas